TOWN OF NORTHBOROUGH & another[1] *vs.* STEVEN E. COLLINS & another.[2] No. 94-P-1034. June 29, 1995. *Zoning*, By-law. *Housing. Fair Housing Act. Words*, "Age."

Steven E. Collins, at the age of thirty-two, bought a condominium unit in the Dingley Dell Retirement Community Park in Northborough. He resides there with Lorie L. Tone, who is now also in her thirties. Dingley Dell was built under a provision of the Northborough zoning by-law (§ 1.5.43) authorizing, on a site of thirty acres or more, clusters of "premanufactured homes for non-transient use by persons who must be fifty-five (55) years of age or over when commencing occupancy, with the exception of children born to residents during their tenancy in the park."[3] To the occupancy of Collins and Tone, other inhabitants of Dingley Dell took exception and carried their grievance to the town building inspector. That officer served written notice on the couple ordering them to leave Dingley Dell within thirty days. Collins and Tone declined so to do and the town and building inspector brought an action for injunctive relief to enforce the building inspector's order. The defendants responded that the town age restriction constituted unlawful age discrimination under State and Federal law. A judge of the Superior Court allowed a motion for summary judgment by the town and building inspector. Collins and Tone appeal. We affirm for the reasons stated by the Superior Court judge in her memorandum and comment only on one of the several issues covered by it, namely, the asserted conflict between the elderly housing by-law and statutes that proscribe discrimination based on age.

Collins and Tone urge particularly that the Northborough zoning by-law violates prohibitions against discrimination in housing which appear in G. L. c. 151B, § 4(6), as amended through St. 1990, c. 283, § 1. That statute provides that it shall be unlawful for an "owner, lessee, sublessee,

---

[1]Building Inspector of Northborough.

[2]Lorie L. Tone.

[3]Those disposed to wonder whether the statute contemplates unusually extended fertility need to consider the possibility that an over fifty-five year old may reside with someone of conventional child-bearing age.

licensed real estate broker, assignee or managing agent of . . . multiple dwelling . . . housing accommodations . . . (a) to . . . withhold from any person . . . such accommodations . . . because of . . . age . . ." We may put to one side whether a statute that governs the conduct of owners, etc., of real property has any bearing on municipal zoning codes or municipal officers. It disposes of the question at hand that the penultimate sentence of the first full paragraph of § 4(6) defines the word "age" as used in the subsection so that it shall not apply to "state-aided or federally-aided housing developments for the elderly nor to *residency in communities consisting of either a structure or structures constructed expressly for use as housing for persons fifty-five or over or sixty-two or over, on one parcel or on contiguous parcels of land, totalling at least five acres in size*" (emphasis supplied). By its very terms, therefore, c. 151B authorizes residential communities for persons over fifty-five. It is not an incongruity between local and State law that the zoning by-law requires a thirty-acre minimum site while the State statute requires "*at least* five acres" (emphasis supplied).

An attempt to find prohibitions against the by-law in the Federal Fair Housing Act (42 U.S.C. §§ 3601 et seq. [1988]) is similarly misguided. It may fairly be asked whether the housing involved is subject to the Act (see 42 U.S.C. § 3603), whether the phrase "familial status" which appears in 42 U.S.C. § 3604 reaches age status, and whether the Act applies to municipal laws or municipal officers. In any event, § 3607(b) provides that no "provision in this subchapter regarding familial status" shall apply "to housing for older persons," a term defined as at least "one person fifty-five years of age or older per unit."

We do not think the other issues raised by the defendants on their appeal require discussion.

*Judgment affirmed.*

*Michael J. Reed* for the defendants.
*Judith C. Cutler* for the plaintiffs.